HITCHINGS v. TEAGUE et al.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

MECHANICS' LIENS—AMOUNT OF LIEN—AMOUNT PAYABLE UNDER CONTRACT.

Laws 1897, p. 516, c. 418, § 4, in relation to mechanics' liens, limits the liability of an owner to a sum not greater than the value or agreed price of the labor and materials unpaid at the time of filing notices of liens, and section 8 provides that a statement of the terms of the contract and of the amount due or to become due thereon shall be furnished upon demand by the owner or his duly authorized agent to any subcontractor. *Held* that, where a subcontractor furnished materials in reliance upon a written contract which the owner had placed in the hands of the contractor, in an action by the subcontractor to enforce a mechanic's lien, it appearing that under the contract called for in the contract as the contract price plaintiff was entitled to recover, it was no defense that there was a secret understanding between the owner and the original contractor, whereby the real contract price was to be a smaller sum, whereby nothing was due from the owner.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, §§ 285–296.]

Appeal from Special Term, Kings County.

Action by Benjamin G. Hitchings against Edward D. Teague and another. From a judgment in favor of plaintiff for the foreclosure of a mechanic's lien, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

John H. Kemble, for appellants.
Hector M. Hitchings, for respondent.

WOODWARD, J. The defendant Frances Teague was the owner of certain premises in the borough of Brooklyn, and on the 20th day of June, 1904, with her husband, the defendant Edward D. Teague, entered into a written contract with the defendant John W. Carman for the construction of a dwelling house upon the premises owned by Frances Teague, the price agreed upon, as written in the contract, being $7,100. After entering into this contract, Carman went to the plaintiff, who conducted a lumber yard and planing mill, and was engaged in furnishing building material, and tried to purchase a bill of goods aggregating $1,131. The plaintiff refused to make the sale until he had seen the contract for the building. Carman showed the written contract to the plaintiff, calling his attention to the contract price of $7,100, and stated that he was to get this amount for the construction of the building. The plaintiff then made inquiries of the architect, Ditmas, who was to have supervision of the construction, and was told by the latter that the contract was for $7,100, and thereupon sold and delivered the goods desired by Carman in the work of constructing the dwelling. Subsequently Carman assigned to the plaintiff the sum of $1,119.13 out of moneys due and to become due to him upon the said contract, and this assignment was immediately filed in the clerk's office of Kings county, as provided by section 15 of the mechanic's lien law, Laws 1897, p. 521, c. 418, and a copy of the same was at once served on Teague. The defendants paid to Carman, during the progress of the work, $4,610, and after receiving this amount, and delivering the assignment to the plaintiff, Carman abandoned the work, and it was completed under the terms of the contract by the defendants at a cost of $1,200, leaving a balance of $1,290 due under the terms of the contract to the contractor or his assignees.

It is not disputed that, under the terms of the contract as entered into between the defendants Teague and Carman, the plaintiff would be entitled to recover, but it is urged that there was a secret understanding between the parties to this contract that the real price was to be $6,100, or $1,000 less than the figures placed in the written contract, and the learned court has found, as a matter of fact, that this was the real contract between them; the contract being raised this amount "for the secret, collusive, and fraudulent purpose of showing the same to the Brooklyn Trust Company for the purpose of obtaining a larger building loan upon the property than would have been granted if the contract price had been sixty-one hundred dollars." There is no suggestion that the plaintiff had any knowledge of this secret and collusive agreement, and the practical question presented by this appeal is whether the defendants, having entered into a written contract for a fraudulent and collusive purpose, may now set up this wrong to defeat the claim of the plaintiff, who was a materialman? It seems to us entirely clear that the lien law (chapter 418, p. 521, of the Laws of 1897), in limiting the liability of the owner to a sum not "greater than the value or agreed price of the labor and materials remaining unpaid, at the time of filing.

notices of such liens" (section 4), and in providing that "a statement of the terms of a contract pursuant to which an improvement of real property is being made, and of the amount due or to become due thereon, shall be furnished upon demand, by the owner, or his duly authorized agent, to a sub-contractor," etc. (section 8), contemplated that the owner was to become liable up to the full amount of the contract price to any subcontractor or materialman who should comply with the terms of the statute. The defendants Teague having entered into a contract, and having placed that contract in the hands of Carman, they are not in a position, as against a materialman, to say that that contract was not the real contract, but one entered into for the purpose of working a fraud upon a third party. The plaintiff had a right, in the absence of notice, or of some fact which would make it his duty to inquire, to rely upon the written contract which the defendants Teague had placed in the hands of Carman, and, having furnished goods for the purpose of enabling Carman to carry out his contract upon the strength of the defendants' agreement to pay $7,100 for the work, it would defeat the purpose of the lien law to permit the defense now urged to prevail.

The judgment appealed from should be affirmed, with costs. All concur.